IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           No. 06-2843

ONE SONY WEGA 42" PLASMA TV,

    Defendant.

_____

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT
_____

This *in rem* forfeiture action was brought by the Plaintiff, the United States of America, which alleges that a Sony Wega 42" Plasma TV constitutes proceeds traceable to the exchange of a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. Before the Court is the December 14, 2007 motion for summary judgment filed by the Plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Claimants have not responded within the time permitted by the Local Rules. Local R. Civ. P. 7.1(a)(2). For the following reasons, the motion is hereby granted.

BACKGROUND

Because the Claimants have failed to file a response to the Plaintiff's motion for summary judgment, the Court must assume that the United States's version of events is undisputed. According to the Plaintiff, on June 26, 2006, the Milwaukee Police Department conducted a traffic stop on a van driven by Claimant David Harris, who was traveling from Memphis, Tennessee, to Milwaukee, Wisconsin. (Doc. No. 17, Pl.'s Statement of Facts ¶ 1.) A search of the van produced three kilograms of cocaine. (Id.) A search of Harris's person revealed $8,900.00 in cash. (Id.)

Harris was arrested on federal narcotics charges. (Id.) On June 30, 2006, a federal search warrant was executed at Harris's house in Proctor, Arkansas, and a Sony Wega 42" Plasma TV, which was believed to have been purchased with drug proceeds, was seized, along with numerous documents. (Id. ¶ 2.)

Harris is a self-employed truck driver who was arrested twice in Arkansas on drug charges that were later dismissed. (Id. ¶ 3.) The Plaintiff claims that information from several reliable sources revealed that Harris has been involved in a long-term drug conspiracy covering Eastern Arkansas and Memphis, Tennessee. (Id.) Elijah Lester, who pled guilty to charges that he conspired to possess cocaine with intent to distribute, laundered monetary instruments, and structured financial transactions to evade reporting requirements, confirmed that he worked as a "middle-man" for Harris. (Id. ¶ 4.) According to Lester, Harris received drugs from the so-called Flores organization in Dallas, Texas, from April 2004 until January 2005. (Id.)

This *in rem* forfeiture action against the television found at the Claimants' residence was brought on December 13, 2006. (Doc. No. 1.) Both David and Brenda Harris filed an answer to the Complaint, stating that the purchase price of the television was $4,199.99 and denying that it was acquired with drug proceeds. (Doc. Nos. 6 & 7.) On September 21, 2007, the Plaintiff propounded several requests for admission to David Harris, which went unanswered. (Doc. No. 17, Pl.'s Statement of Facts ¶ 5.) The requests for admission sent to Brenda Harris also went unanswered. (Id. ¶ 6.) Because the Claimants are pro se, the sets of requests for admission advised them that "each matter covered by the . . . requests for admission is deemed admitted unless; within 30 days after service of the request . . . the Claimant serves upon the Plaintiff a written answer or objection addressed to the matters . . . ." (Doc. No. 17, Ex. B & C at 1.) One of the requests for admission

2

sent to both David and Brenda Harris asked the Claimants to admit that the "Sony Wega 42" Plasma TV represents the proceeds of trafficking in controlled substances or was purchased with the proceeds of drug trafficking." (Id., Ex. B & C at 2.)

On September 21, 2007, the Plaintiff also served the Claimants with interrogatories and requests for production of documents. (Doc. No. 17, Pl.'s Statement of Facts ¶ 8.) Neither Brenda nor David Harris responded. In an effort to accommodate the Claimants, the United States filed a motion to extend the discovery deadline, which the Court granted. (Id. ¶ 7.) After Brenda and David Harris subsequently also failed to respond to the instant motion for summary judgment, the Court issued an order directing the Claimants to show cause why the Plaintiff's motion should not be granted. (Doc. No. 18.) They again have not responded.

## STANDARD OF REVIEW

Rule 56 (c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Canderm Pharmacal, Ltd. v. Elder Pharms, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. These facts must be more

3

than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)). Finally, the "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

ANALYSIS

Pursuant to 21 U.S.C. § 881(a)(6), property that was "furnished or intended to be furnished by any person in exchange for a controlled substance" is subject to forfeiture to the United States. 18 U.S.C. § 983(c)(1) provides that "in a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property . . . the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture . . . ." This burden may be satisfied by showing that the property is traceable to drug offenses. United States v. $110,873.00 in U.S. Currency, 159 Fed. Appx. 649, 652 (6th Cir. 2005) (quoting United States v. $174,206.00 in U.S. Currency, 320 F.3d 658, 662 (6th Cir. 2003)).

Because the Claimants failed to respond to the Plaintiff's request that they admit that the Sony Wega 42" Plasma TV represents the proceeds of drug trafficking, this fact is deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection

4

addressed to the matter and signed by the party or its attorney.").[1] This admission is supported by the undisputed fact that David Harris was involved in the drug trade and earned thousands of dollars selling cocaine. See United States v. Parcels of Land, 903 F.2d 36, 38-39 (1st Cir. 1990) (holding, albeit under the previously applied probable cause standard, that the government need not trace the property to a specific drug transaction and that courts can look at the "aggregate" of the facts in determining whether the properly was derived from drug transactions). The Court therefore finds that the Plaintiff has established by a preponderance of the evidence that the Harris's Sony Wega 42" Plasma TV is subject to forfeiture, because its possession is traceable to the sale of controlled substances.

For the foregoing reasons, the Court hereby GRANTS the Plaintiff's motion for summary judgment.

IT IS SO ORDERED this 7th day of March, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] Taking into consideration that the Claimants are pro se, the Court finds that they had sufficient notice of the consequences of not responding to the requests for admission, in light of the government's warning, in bold, on the front page of its requests, that the matters covered by the requests would be deemed admitted if the Claimants failed to respond.